## RICHARD GOWER *versus* JAMES MOORE.

When the maker of a promissory note dies before it becomes payable, the indorsee should make inquiry for his personal representative, if there be one, and present the note, on its maturity, to him for payment.

If it should be made to appear, that the indorser knew that the note would not be paid on presentment, and that the maker had deceased and his estate was insolvent, such knowedge would not relieve the holder from his obligation to make presentment and give due notice of its dishonor.

THE suit was against Moore, as indorser of a note given by Robert Witherspoon to him, and indorsed by the defendant, dated August 12, 1841, and payable on August 15, 1843.

Witherspoon, the maker of the note, died in February, 1842; administration was taken out on his estate, and it was rendered insolvent; one Freeman, then the holder of the note, proved it before the commissioners as a claim against the estate, and notified the defendant, after the death of Witherspoon and before the note became payable, that the maker of the note being dead, he should look to the defendant for payment; and that the defendant, about a month after the day of payment, was notified by the then holder of the note, that it was unpaid, and that he should look to the defendant for payment.

This was the plaintiff's case; and thereupon GOODENOW, the District Judge presiding, directed a nonsuit. To this the plaintiff filed exceptions.

*J. C. Woodman,* for the plaintiff, said the rule was well established, that where there were no funds in the hands of

the drawee, when the bill became payable, that no demand or notice was necessary. 1 T. R. 405 and 712. No demand on the maker of the note, or notice to the indorser is necessary, in order to charge him, where it can be of no use, or where the maker cannot be found, or has gone out of the State. Here the estate had been rendered insolvent, and the note had been allowed by the commissioners, and all done which could have been to secure the demand out of the property of the maker. 2 Greenl. 209; 4 Mass. R. 45; 6 Metc. 290; 5 Mass. R. 176; 7 Pick. 291.

*Dunn*, for the defendant, said that here was no legal demand or notice. A demand before the note fell due is useless, and one, a month after it has become payable, is too late. 19 Maine R. 447.

The opinion of the Court was by

SHEPLEY J. — This is a suit by the indorsee against an indorser of a promissory note, made on August 12, 1841, and payable in two years. Before it became payable the maker had deceased, an administrator had been appointed, the estate had been represented to be insolvent, commissioners of insolvency had been appointed and the holder of the note had proved it before them. When the maker of a note dies, before it becomes payable, the holder should make inquiry for his personal representative, if there be one, and present the note on its maturity to him for payment. The case of *Hale* v. *Burr*, 12 Mass. R. 86, may be considered as presenting an exception to this rule; but doubts have been expressed, whether it could be considered as either correct in principle, or founded upon sufficient authority.

In this case the indorser may be considered as knowing, that the note would not be paid on presentment; and that the estate was insolvent. But such knowledge does not relieve the holder from his obligation to make presentment and give due notice of its dishonor. The promise of the indorser is a conditional one to pay, if the note be duly presented to the maker and seasonable notice be given to him of its dishonor.

The holder cannot assume the right to decide, that his performance of the condition will be of no service to the indorser, and thus put that matter in issue to relieve himself from the performance of the condition imposed upon him by law. *Nicholson* v. *Gouthit*, 2 H. Bl. 609 ; *Clegg* v. *Cotton*, 2 B. & P. 239 ; *Prideaux* v. *Collier*, 2 Starkie's R. 57.

The various relations, which the parties, whose names are upon negotiable paper, sustain towards other persons, whose names are not upon it, cannot be anticipated.

The real debtors, who may feel obliged to pay, may not wish to exhibit themselves as such. A deceased party may possibly have held a contract of some responsible person to pay in case the note should be duly presented for payment. So may an indorser. To hold an indorser liable and yet deprive him of the benefit of such a contract could not be justified. It is best for a commercial community that the rules be simple, subject to few exceptions, and not liable to be varied to meet the apparent injustice of particular cases. The notices given to the defendant in this case were either too early or too late to be of any avail.

*Exceptions overruled.*